RICHARD L. HOLMES, Retired Appellate Judge.
In November 1995 Avery Darren Turner (employee) was terminated from his employment as a police officer with the City of Mobile (City). The employee appealed the termination of his employment to the Mobile . County Personnel Board (Board).
By letter to the Board, dated January 4, 1996, the employee requested that the City produce certain items, including a “[c]opy of the video-taped hearing held by the Discipline Trial Board in this matter” and “[c]op-ies of any and all disciplinary actions and/or predisciplinary actions of similarly situated employees of the Mobile Police Department *169 involved in domestic disputes on or off duty since Chief Harold Johnson has been the Chief of Police.”
The City objected to the production of “[cjopies of any and all disciplinary actions and/or predisciplinary actions of similarly situated employees of the Mobile Police Department involved in domestic disputes on or off duty since Chief Harold Johnson has been the Chief of Police.” The City filed a motion with the Board, requesting that the subpoena requiring production of these items be quashed. The Board granted the City’s request by an order dated February 8, 1996.
The City delivered to the employee a copy of the videotape of the November 17, 1995, predisciplinary hearing. By letter dated February 15, 1996, the employee advised the Board that the copy of the videotape was unacceptable because, he claimed, the copy “appear[ed] to have glitches in conversations, [was] visually unclear, and [did] not appear to be a complete copy.” The employee requested that the City be required to produce the original videotape for review.
The City filed with the Board a motion for a protective order, requesting that the Board issue an order to the effect that the City would not be required to produce the original of the videotape. The City stated in its motion that the copy of the videotape delivered to the employee contained a complete tape of the testimony and proceedings during the predisciplinary hearing. The City revealed that the deliberations and discussions of the trial board members during the executive session were inadvertently recorded on the original videotape. The City contended that the inadvertently recorded deliberations and discussions had no relevancy in the de novo proceeding before the Board and should not be disclosed due to the confidential nature of the deliberations.
On March 14, 1996, the Board issued an order, granting the City’s motion for a protective order and directing that the City should not be required to produce the original of the videotape.
On March 18,1996, the employee filed with the circuit court a petition, seeking permission to appeal the Board’s interlocutory orders, dated February 8, 1996, and March 14, 1996.
The City and the Board filed a joint motion to dismiss the employee’s appeal. The employee filed a response to the joint motion to dismiss the appeal.
After a hearing the circuit court issued an order, dated July 22,1996, granting the joint motion to dismiss the employee’s appeal.
The employee appeals.
The employee alleges that he was denied equal treatment and due process when his employment was terminated because, he says, situations existed where other police officers for the City were involved in domestic disputes which resulted in much less severe punishments than the employee received.
The employee asserts that the circuit court was the proper forum to address these constitutional violations because, he says, the Board was without jurisdiction to hear these matters. In fact, the employee states the following in his brief on appeal: “The [Board], when created, was not endowed with any authority to decide matters of law or to hear and render decisions regarding constitutional issues.”
The employee contends that he filed a proper collateral attack when he appealed the Board’s orders of February 8, 1996, and March 14, 1996. However, the employee filed an appeal from the Board’s orders, which cannot be classified as a collateral attack. We would note that “ ‘[t]he inquiry in the circuit court is neither enlarged nor diminished by appeal.’ ” City of Homewood v. Caffee, 400 So.2d 375, 377 (Ala.1981) (quoting Nelson v. Donaldson, 255 Ala. 76, 80, 50 So.2d 244, 248 (1951)).
The employee relies upon Ex parte Averyt, 487 So.2d 912 (Ala.1986), and Caffee, 400 So.2d 375, to support his position. We would note that in both Averyt and Caffee, Averyt and Caffee had instituted separate and distinct collateral suits in the circuit courts. Our supreme court stated the following in Averyt, 487 So.2d at 913: “Averyt’s collateral suit was not only proper, but it was the only avenue available for his presentation of the *170 constitutional issues raised therein.” (Emphasis in original.)
Additionally, we would note that our supreme court stated the following in Averyt, 487 So.2d at 914:
“To be sure, the circuit court’s consideration of the constitutional issues was barred, but for the more fundamental reason that its jurisdiction is limited to a consideration of issues properly raised and made of record before the Board, and those do not include constitutional issues. In other words, only by invoking the general jurisdiction of the circuit court, by way of a collateral suit, could Averyt’s constitutional challenges be raised and presented for determination.”
(Emphasis in original.)
Consequently, the circuit court did not have jurisdiction to consider the constitutional issues on appeal from the Board’s orders. Therefore, the circuit court was correct in granting the joint motion to dismiss the appeal.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.