On Rehearing Ex Mero Motu

THOMPSON, Judge.
This court’s opinion of March 21, 2003, is withdrawn, and the following opinion is substituted therefor:
The City of Mobile (“the City”) and the Mobile County Personnel Board (“the Board”) appeal from the Mobile Circuit Court’s judgment reversing the Board’s decision suspending, for disciplinary reasons, Howell Roe Robertson from the Mobile Police Department for three days without pay. We reverse the trial court’s judgment.
Robertson has been employed with the Mobile Police Department since 1988; he was ranked as a corporal at the time of the incident that gave rise to this action, but he customarily “filled in” as a sergeant *119 approximately two or three nights each week to accommodate the precinct’s scheduling requirements. On New Year’s Eve, December 31, 2000, random gunfire occurred in parts of the City, beginning at 11:30 p.m., becoming heaviest at midnight, and continuing throughout the night. Robertson and Lt. Glen Brannan, the supervising officer at the Fourth Precinct, overheard the gunfire from their posts at the police station. Near midnight, Robertson and Brannan stepped outside the precinct building to listen to the gunshots; based on the sound of the gunfire, they were able to recognize the various types of weapons being discharged. Both Robertson and Brannan retreated under a metal awning to avoid potential injuries from falling projectiles. Because of the number of weapons being discharged and the many locations from which the weapons were being fired, the officers agreed that it would be futile to investigate the gunshots.
Two days later, on January 2, 2001, Robertson, who was off duty and at home, was contacted by Richard Lake, a newspaper reporter; Lake asked Robertson to comment on the New Year’s Eve celebration. Robertson agreed to talk to the reporter, but he made it clear to Lake that he was speaking to the press in his capacity as president of the police union. A two-page article entitled “Mobile Police Kept Busy by New Year’s Eve Salvo” was published on January 3, 2001, in which Robertson was quoted as saying:
“It was like Beirut out there. We were out there, we took shelter. We went under a steel roof. We could hear weapons fire all around us. Automatic fire, handguns, .22 rifles. You can tell the sound. And I’ve been shot at before, so I know.”
Because of Robertson’s published remarks, the City charged him with violating Mobile Police Department General Order Number 54.1, entitled “Public Information”; it also charged him with intentionally violating the Mobile Police Department’s Rules of Conduct. Sgt. Christian Dorsey of the internal affairs unit of the Mobile Police Department was assigned to investigate the accuracy of Robertson’s statements. After conducting an investigation, Dorsey determined that Robertson’s statements to the press were inaccurate because the situation had not been as dangerous as Robertson had described it. In fact, in the Fourth Precinct on that New Year’s Eve, no dispatcher had been requested to send an officer to investigate a complaint of gunfire, and no officer had responded to any complaints of gunfire. Maj. Curley Rogers of the Mobile Police Department conducted a hearing on the charges against Robertson, and, after receiving the evidence, Rogers recommended that Robertson be suspended for one day without pay for making a misleading or inaccurate statement to the press. The City adopted Rogers’s recommendation.
Robertson timely appealed his suspension to the Board for a de novo hearing. On May 22, 2001, a hearing was conducted. At the hearing, Sgt. Dorsey testified that General Order Number 54.1 — the police department’s policy regarding disseminating police information to the public — provided that a selected departmental official called a “public-information officer” would monitor all information released to the press. The Board entered a judgment on June 5, 2001, that increased Robertson’s suspension from one to three days. The Board found that Robertson had violated General Order Number 54.1 by releasing information to the public without clearing the information through the chief of police of the Mobile Police Department or the public-information officer. Robertson appealed the Board’s judgment to the Mobile *120 Circuit Court (hereinafter “the trial court”).
The parties submitted trial briefs and argued their positions to the trial court; on August 30, 2002, the trial court entered a judgment in which it reversed the Board’s decision and directed the City to remunerate Robertson for the three days it had suspended him. In its lengthy judgment, the trial court reasoned that the Mobile Police Department, in suspending Robertson from the force for violating General Order Number 54.1, had infringed upon Robertson’s right to freedom of speech. The City and the Board appealed.
The City and the Board claim that the trial court erred to reversal by exceeding its jurisdiction in deciding the issues presented to it on First Amendment grounds. Act No. 470, Ala. Local Acts 1939, a local act pertaining to Mobile County, provides for an appeal to be taken from the final decision of the Board to the Mobile Circuit Court. As to the proper standard of review, this statute provides:
“Findings of fact of said Board contained in such transcript [of Board proceedings] if supported by substantial evidence adduced before said Board or before its Personnel Director after hearing and upon notice to the interested party or parties and after affording such parties an opportunity to be heard, shall be conclusive on such appeal.... If upon such appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same.”
§ 34, Act No. 470, Ala. Local Acts 1939.
As the trial court correctly noted in its judgment, its review of the Board’s decision under this local act is limited to the record of the Board’s proceedings and the questions of law presented to the Board; such review has been construed as certio-rari review. City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App.1985) (citing Personnel Bd. v. Bunkley, 255 Ala. 299, 51 So.2d 368 (1951)). In Turner v. Mobile County Personnel Board, 689 So.2d 168 (Ala.Civ.App.1997), this court made it clear that the Board had not been authorized by Act No. 470 to address constitutional issues. The Turner court explained that the fundamental obstacle to circuit-court review of a constitutional challenge on an appeal from the Board’s decision was the fact that the issue had not been raised and ruled upon by the Board, thereby precluding appellate review. Because appellate review of constitutional issues in such a case is precluded, the sole manner in which a constitutional challenge may be presented is to invoke the general jurisdiction of the circuit court by filing a separate and independent collateral action. Turner, 689 So.2d at 169. In making this distinction, the Turner court stated:
“ ‘To be sure, the circuit court’s consideration of the constitutional issues was barred, but for the more fundamental reason that its jurisdiction is limited to a consideration of issues properly raised and made of record before the Board, and those do not include constitutional issues. In other words, only by invoking the general jurisdiction of the circuit court, by way of a collateral suit, could Averyt’s constitutional challenges be raised and presented for determination.’ ”
689 So.2d at 170 (quoting Ex parte Averyt, 487 So.2d 912, 914 (Ala.1986)). The present case is an appeal from the Board’s decision; no collateral action has been filed.
Robertson argues that principles of procedural due process allow the circuit court to exercise jurisdiction over his constitutional challenge even though he has *121 not filed a collateral action because, he says, the rule he allegedly violated explicitly guarantees his individual constitutional rights. The language Robertson relies upon in General Order Number 54.1 states:
“Police-related incidents and their results are always matters of continuing public concern. This department is committed to establishing a cooperative climate in which the news media may obtain information on matters of public concern in a manner that does not hamper police operations or threaten individual constitutional rights.”
The above-quoted language is vague and ambiguous concerning the constitutional rights it seeks to protect. It is unclear what or whose constitutional rights the order seeks not to “threaten.” We hold that, regardless of the actual intended effect of the language of the order, the reference to individual constitutional rights does not serve to confer jurisdiction upon the circuit court to decide constitutional questions on appeal from decisions of the Board absent a collateral action.
Robertson cites Ex parte Averyt, supra, and City of Homewood v. Caffee, 400 So.2d 375 (Ala.1981), as exceptions to the collateral-action requirement for circuit-court review of a constitutional challenge to a personnel-board decision. He claims that, because the order he allegedly violated is expressly intertwined with the concept of individual constitutional rights, his appeal presents another such example. We are not persuaded by his argument. As this court stated in Turner: “We would note that in both Averyt and Caffee, Averyt and Caffee had instituted separate and distinct collateral suits in the circuit courts.” 689 So.2d at 169.
Our supreme court in Averyt clarified the rule regarding a circuit court’s jurisdiction, stating that the collateral action Averyt had filed was the only avenue by which Averyt could invoke the general jurisdiction of the circuit court and present his constitutional issues for determination.[1] Ex parte Averyt, 487 So.2d at 914.
Moreover, we conclude that because the trial court did not confine itself to the issues expressly designated for review, in compliance with the requirements set forth in § 34 of Act No. 470, it exceeded its jurisdiction in entering a judgment on an issue not designated for appellate review. The statute requires that issues raised on appeal from decisions of the Board be designated for review as follows:
“The issues on such appeal shall be made up under the direction of the [Circuit] Court and within thirty days after said transcript [of proceedings of the Board] is filed therein, and trial thereof shall proceed on the evidence contained in such transcript, if it appears therefrom that said evidence was taken after such notice and opportunity to be heard.”
§ 34, Act No. 470, Ala. Local Acts 1939.
In compliance with the statute, the parties filed a joint motion in the trial court to establish the issues on appeal; the trial court granted that motion. In its judgment, the trial court restated those stipulated issues as follows:
*122 “1. Were the findings of fact by the Mobile County Personnel Board supported by substantial evidence?
“2. Was the Personnel Board’s decision to increase the discipline imposed by the City of Mobile supported by substantial legal evidence, or was the decision arbitrary and capricious?
“3. Was the Personnel Board’s Order of June 5, 2001, lawful within the meaning of Act No. 470, Local Acts of Alabama (1939), or did the Personnel Board fail to comply with applicable law?
“4. Was the Personnel Board’s Order reasonable within the meaning of Act No. 470?”
Our review of the trial court’s judgment indicates that it did not limit its scope of review to the issues stipulated before it in compliance with § 34 of Act No. 470, but that it proceeded to adjudicate Robertson’s constitutional challenges, which had not been designated for appellate review. Our supreme court has held that a trial court that adjudicates issues beyond those stipulated by § 34 of Act No. 470 has “misconceived its authority under the statute” and has thereby committed reversible error. See Personnel Bd. v. Bunkley, 255 Ala. at 301, 51 So.2d at 371; see also Mobile v. Seals, 471 So.2d at 434.
In its judgment reversing the Board’s decision, the trial court relied only on the constitutional challenge raised by Robertson. That issue was not properly before the court. A circuit court’s review in a case of this type is limited to the record made before a personnel board and to questions of law presented, and that court must affirm the personnel board’s decision if the record contains substantial supporting evidence. Mobile v. Seals, supra. Therefore, we must reverse the trial court’s judgment and remand the case for that court to determine whether the Board’s findings were supported by substantial evidence. Id.
ON REHEARING EX MERO MOTU: OPINION OF MARCH 21, 2003, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.

. However, if a litigant's right to appeal is governed by the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975, which gives a reviewing court broader jurisdiction than it usually has in reviewing administrative decisions, the circuit court has jurisdiction to consider constitutional issues on appeal, and the failure to appeal from a panel decision will result in a waiver of all claims. Ex parte Smith, 683 So.2d 431 (Ala.1996).