On Application for Rehearing

MOORE, Judge.
This court’s no-opinion order of affir-mance issued on August 1, 2014, is withdrawn, and the following is substituted therefor.[1]
*658 Angela Wright appeals from a judgment of the Mobile Circuit Court (“the trial court”) reinstating her to her employment with the City of Mobile subject to a suspension without pay for 30 days. We affirm.

Background

Wright worked as a Public Safety Dispatcher for the City of Mobile Police Department (“the COMPD”) for approximately 22 years. On February 1, 2013, the COMPD notified Wright that it intended to hold a pre-disciplinary meeting on February 6, 2013, to consider taking adverse-employment action against her. In that notice, the COMPD charged Wright with violations of the Rules of the Mobile County Personnel Board, specifically Rules 14.2(f), providing that the employment of an employee may be terminated for' “incapacity due to mental or physical disability _,” and 14.2(2), providing that the employment of an employee may be terminated for violation of any lawful or reasonable regulations or order made and given by a superior officer. The notice was addressed to Wright from Mayor Samuel L. Jones as “Designated Appointing Authority,” but it was signed by Major Curley L. Rogers as “Hearing Officer.”
At the February 6, 2013, pre-disciplinary hearing, Wright submitted a written memorandum responding to the charges. The hearing then proceeded before a “Trial Board” consisting of Major Rogers, Captain Clay Goodwin, and Captain Bareneise Dixon, officers of the COMPD; the Trial Board’s function was to listen to the evidence adduced at the hearing and to make recommendations to the COMPD’s Chief of Police as to the appropriate action to take. Mayor Jones did not attend the hearing. The Trial Board found the charges to be substantiated and recommended that Wright’s employment be suspended for 30 days without pay.[2]
Despite that recommendation, on February 14, 2013, Mayor Jones sent Wright a document entitled “Official Notice of Dismissal,” informing Wright, in pertinent part:
“For violation, in whole or part, of cited Mobile Police Department and Mobile County Personnel Board Rules and Regulations, I concur with the recommendations of your supervisors that you be dismissed from service with the Mobile Police Department effective immediately upon documented receipt of this Official Notice of Dismissal.”
The record does not contain a recommendation from Wright’s supervisors that she be dismissed from service.[3] Wright filed a notice of appeal of the decision to the Mobile County Personnel Board (“the *659 Board”) on February 21, 2013, asserting that she was not guilty of the charges made against her, that the punishment of dismissal was too severe and unequal to the punishment of other officers, and that she had been denied due process.
The Board set the appeal for a hearing on April 11, 2013. On April 5, 2013, Wright submitted a witness list identifying Mayor Jones as a potential witness.[4] On April 9, 2013, the attorney for the COMPD objected to Mayor Jones being called as a ■witness. Wright then filed a “Motion in Opposition to Appointing Authority and/or Motion to Compel Attendance of Key Witness,” requesting that her witness list not be stricken[5] or that the hearing be continued in order that the Board could entertain legal briefs on the issue. The Board denied that motion.
On April 11, 2013, the Board conducted a post-termination hearing. On April 25, 2013, the Board, by a vote of three of its five members, found, in pertinent part:
‘Wright failed to send screens for medical and ambulance assistance to the Mobile Fire Department on two occasions during the December 26/27 shifts; and, was sleeping on duty on December 31, 2012 and on other occasions. Review of the evidence shows that Ms. Wright had great difficulty in staying alert, a core requirement of the critical, safety sensitive job of receiving complaints and dispatching officers. The Board is convinced that Ms. Wright’s ability to perform her duties poses a substantial risk to officers and the public.”
The Board further concluded that Wright had violated Rules 14.2(f) and 14.2(0 of the Rules of the Board, warranting her dismissal from employment.
Wright filed a notice of appeal with the Board on May 8, 2013, pursuant to Ala.' Acts 1939, Act No. 470, § XXXIV, as amended by Ala. Acts 2004, Act No. 2004-105 (“the local act”). On that same date, .Wright filed a “Complaint Notice of Appeal from Administrative Order” with the clerk of the trial court, asserting, among other things, that her employment had been terminated without due process of law and in contravention of the Rules of the Board. The Board purported to appear as a party in that action, filing a motion to strike the complaint and a motion to establish the issues on appeal. After filing her own motion to establish the issues on appeal, and receiving a response from the Board, Wright moved the trial court to remove the Board as a party.[6] The trial court subsequently added the City of Mobile as a party to the appeal and entered an order establishing the issues on appeal,[7] denying Wright’s motion to re *660 move the Board as a party. The trial court also denied a motion to recuse that had been filed by Wright.[8]
On September 20, 2013, the trial court entered a judgment finding that the decision of the Board to discipline Wright had been supported by substantial evidence. However, the trial court found that the evidence in the record showed that the Trial Board had recommended only a 30-day suspension for Wright and that the record contained no evidence indicating that Wright’s supervisors had recommended the termination of her employment as Mayor Jones’s notice of dismissal' had expressed. The trial court noted that it had held a hearing for the City of Mobile to clarify the reason for the discrepancy between the Trial Board’s recommendation and Mayor Jones’s decision, but no one from the City of Mobile had attended the hearing. Thus, the trial court determined that Wright should not have been dismissed but, rather, should only have been suspended without pay for 30 days. The trial court found that Wright had already served her appropriate punishment and ordered that she be reinstated to her employment. The City of Mobile filed a motion to reconsider and a separate motion to set aside the judgment, which the trial court denied.
Wright filed her own motion to alter, amend, or vacate the judgment on September 26, 2013, arguing that her employment had been improperly and unconstitutionally terminated and that the trial court should have determined that the termination was void. Wright basically asserted that the trial court should not have recognized as valid any disciplinary action against Wright, apparently maintaining that Wright should be fully restored to her employment without any loss of pay. The trial court denied that motion on October 3, 2013. Wright timely filed a notice of appeal on November 14, 2013.

Discussion

The local act created the Board and authorized the Board to make such rules as are necessary to carry outs its various duties. According to § IX of the local act, those rules, when properly adopted, carry the same force and effect as law. See also Simpson v. Van Ryzin, 289 Ala. 22, 28, 265 So.2d 569, 573 (1972). Rule 14.3(a) of the Board provides, in pertinent part:
“Before any permanent employee is dismissed, suspended or demoted for cause, the Appointing Authority or his designated representative shall afford the employee due process in the form of a pre-disciplinary hearing. Written notice of the reasons for termination, suspension or demotion must be given the employee at least twenty-four (24) hours prior to the pre-diseiplinary hearing, at which time the employee must be given the opportunity to respond orally and/or in writing to the charges made before the official, or the designated representative of the official, charged with the responsibility of making the disciplinary decision.”
Rule 14.3(a) further provides, in pertinent part:
“The dismissal, suspension or demotion of an employee by an Appointing Authority without having first accorded the employee a pre-disciplinary hearing in 'accordance with this Rule shall be void and of no force and effect, and shall not be recognized by the Board.”
Wright maintains that Rule 14.3(a) required Mayor Jones, as the appointing *661 authority, to preside over her pre-disciplin-ary hearing, which he did not. Wright contends that, because Mayor Jones did not personally attend her pre-diseiplinary hearing, that hearing was not held “in accordance” with Rule 14.3(a), and, thus, that her dismissal was “void and of no force and effect” and could not be “recognized by the Board.” Wright argues that the Board and the trial court should have applied Rule 14.3(a) and determined that she could not be subjected to any discipline.
Wright argued that same point to the Board both in writing through her “Motion in Opposition to Appointing Authority and/or Motion to Compel Attendance of Key Witness” and orally at the outset of her post-termination hearing. The Board rejected that argument without specifying its reason in its order. Wright raised the same argument again numerous times to the trial court; however, the trial court did not address that argument in its final judgment. On appeal to this court, Wright argues that the trial court erred in failing to decide that procedural point before proceeding to the merits of the Board’s decision to affirm the termination of her employment.
In the proceedings below, and throughout her appellate brief, Wright couched her argument primarily in constitutional terms, maintaining that the failure of the City of Mobile to comply with Rule 14.3(a) violated her right to due process as established in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (holding that, before his employment can be terminated, “[t]he tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story”). However, the local act does not authorize the Board to decide questions of constitutional law, which is beyond its administrative capacity. See Turner v. Mobile Cnty. Pers. Bd., 689 So.2d 168, 170 (Ala.Civ.App.1997); see also City of Mobile v. Robertson, 863 So.2d 117, 120 (Ala.Civ.App.2003) (“In Turner [, supra] this court made it clear that the Board had not been authorized by Act No. 470 to address constitutional issues.”). On appeal from a board’s decision on a personnel matter, a trial court likewise lacks jurisdiction to decide a constitutional issue because of its limited standard of review. Turner, supra. A constitutional issue may be raised properly only in a “separate and distinct collateral suit[ ].” Id. at 169 (emphasis omitted); see also City of Homewood v. Coffee, 400 So.2d 375, 378 (Ala.1981) (requiring constitutional issues relating to administrative proceedings to be raised in a “subsequent, independent proceeding”).[9]
In this case, Wright did not file a separate and collateral action but, rather, attempted to raise her constitutional issues in the same proceeding in which she was appealing the order of the Board terminating her employment. Wright has not cited a case in which our supreme court has authorized the joinder of an appeal from *662 an adverse Board determination with an action to attack the constitutionality of a pre-disciplinary hearing. In Ex parte Averyt, 487 So.2d 912 (Ala.1986), our supreme court held that a collateral action is not only the proper method for raising constitutional issues, but is the “only avenue available.” Id. at 913. In at least one subsequent case, this court applied Ex parte Averyt to disallow consideration of constitutional issues in an appeal from a personnel board’s order. See City of Mobile v. Robertson, supra. We have not located any case holding otherwise; thus, we hold that the trial court did not have jurisdiction to consider the constitutional arguments raised by Wright. Hence, the trial court did not err in failing to establish Wright’s constitutional arguments as issues to be decided on appeal from the Board’s order or in failing to address those issues.
The trial court, however, did not have to rule on any constitutional issues to decide whether the City of Mobile had complied with Rule 14.3(a) in dismissing Wright. That issue depends entirely on the meaning of the first part of Rule 14.3(a) quoted above, regardless of its constitutional implications. We agree with Wright that the trial court could have reviewed that legal issue on appeal, see Board of Water & Sewer Comm’rs of City of Mobile v. Smith, 591 So.2d 521, 522 (Ala.Civ.App.1991) (allowing for certiorari review of questions of law in appeals from personnel board’s orders), but we disagree with Wright as to the plain meaning of Rule 14.3(a).
“ ‘ “[L]anguage used in an administrative regulation should be given its natural, plain, ordinary, and commonly understood meaning, just as language in a statute.” ’ ” Fraternal Order of Police, Lodge No. 64 v. Personnel Bd. of Jefferson Cnty., 103 So.3d 17, 25 (Ala.2012) (quoting Ex parte Wilbanks Health Care Servs., Inc., 986 So.2d 422, 427 (Ala.2007), quoting in turn Alabama Medicaid Agency v. Beverly Enters., 521 So.2d 1329, 1332 (Ala.Civ.App.1987)). In ordinary usage, the word “or” is disjunctive, marking an alternative, unless the context clearly indicates otherwise. See Doss v. State, 23 Ala.App. 168, 174, 123 So. 237, 242 (1929). In this case, Rule 14.3(a), in referring to “the official, or the designated representative of the official, charged with the responsibility of making the disciplinary decision” (emphasis added), specifically authorizes pre-disci-plinary hearings to be conducted by either the official charged with making the disciplinary decision or the designated representative of that official. Contrary to Wright’s assertion, Rule 14.3(a) does not require the official with decision-making power to attend every pre-disciplinary hearing in order to assure its validity.[10]
We further note that Rule 14.3(a) does not require the “appointing authority” to attend the pre-disciplinary hearing. Thus, the fact that Mayor Jones was identified as the “Designated Appointing Authority” in the February 1, 2013, notice did not amount to any sort of declaration that he was the “designated representative” who had to attend the pre-disciplinary hearing within the meaning of Rule 14.3(a). The record reveals that Mayor Jones was, in fact, the official with decision-making power referred to in Rule 14.3(a), so he could not also be a separate designated representative of himself. Nothing in the language of Rule 14.3(a) prevents Mayor Jones from making decisions based on rec *663 ommendations following a pre-disciplinary hearing conducted by his designated representative.
The record fairly implies that the members of the Trial Board routinely act as the pre-disciplinary hearing officers for the COMPD. At no point in these proceedings has Wright argued that the Trial Board, or some member of the Trial Board, was not acting as a designated representative of Mayor Jones during her pre-disciplinary hearing. Wright instead has limited her argument solely to her contention that Rule 14.3(a) mandated that Mayor Jones attend her pre-disciplinary hearing. Because, as a matter of law, Rule 14.3(a) did not require Mayor Jones to personally attend Wright’s pre-disciplinary hearing, any error that the trial court may have committed by failing to consider whether May- or Jones’s absence voided Wright’s dismissal did not adversely affect Wright’s substantial rights and amounted only to harmless error that will not support a reversal of the judgment. See Rule 45, Ala. R.App. P. Therefore, we affirm the trial court’s judgment.[11]
APPLICATION GRANTED; OPINION OF AUGUST 1, 2014, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. Angela Wright applied for rehearing on August 13, 2014. In her brief, Wright raises some principled arguments that convinced this court to reexamine its decision and to issue this opinion. The court, however, was forced to sift through scurrilous and baseless accusations as well as a litany of disrespectful comments by Wright's counsel in the application for rehearing and the brief in support thereof in order to find those arguments worthy of consideration. See Douglas R. Richmond, Appellate Ethics: Truth, Criticism, and Consequences, 23 Rev. Litig. 301 (Spring 2004) (outlining ethical boundaries for appellate briefing). As our supreme court explained in Prudential Ballard Realty Co. v. Weatherly, 792 So.2d 1045, 1060 (Ala.2000) (opinion on second application for rehearing), an application for rehearing is not intended to "provide!] [appellate counsel] with a bully pulpit for venting [his or her] frustrations after receiving an adverse decision,” and using that vehicle to file a "written temper tantrum” is "uncivil and beneath the members of a professional bar association and it is a dangerous method of appellate advocacy” that "can detract from the merits of the argument and do his or her client irreparable *658 harm. ...” This court's decision to act on the application for rehearing should not be construed as an endorsement of the unnecessary confrontational methods used by Wright’s counsel to argue on behalf of Wright, which this court, exercising considerable restraint, disregards in order to judiciously decide this case in accordance with the facts and the law. See Steven L. Bernard, The Obligation of Attorneys to be Civil on Appeal, 38 Colo. Law. 49 (January 2009) (exploring range of options available to appellate courts to remedy incivility by appellate attorneys).

. Major Rogers’s testimony in the record indicates that the -Trial Board had recommended suspension without pay for 30 days. A document later filed in the trial court indicated that the Trial Board actually had recommended a suspension for 180 work hours, but that document was stricken from the record. This court does not consider matters outside the record. See Etherton v. City of Homewood, 700 So.2d 1374, 1378 (Ala.1997).

. The trial court struck from the record a document putporting to be a recommendation from Chief of Police Michael T. Williams that Wright be dismissed. See Etherton v. City of Homewood, 700 So.2d 1374, 1378 (Ala.1997), and note 2, supra.

. The witness list is not included in the record, so it is unclear whether Wright had moved the Board to issue Mayor Jones a subpoena to attend the hearing or whether Wright had only listed Mayor Jones as a potential witness that she might call at trial.

. The record does contain a motion to strike Wright’s witness list.

. In Mobile County Personnel Board v. Mobile Area Water & Sewer Systems, 138 So.3d 1011 (Ala.Civ.App.2013), this court held that the Board is not properly a party on appeal to the trial court from one of its orders. Based on that case, Wright filed a motion to remove the Board, which the trial court ruled was moot, apparently because the Board had voluntarily ceased participating in the appeal after the motion was filed. Although she points out the ailing, Wright does not make any legal argument that the trial court committed error in failing to formally remove the Board as a party, so that issue is waived. See Walden v. Hutchinson, 987 So.2d 1109, 1120 (Ala.2007) (construing Rule 28(a)(10), Ala. R.App. P.).

.Section XXXIV of the local act provides that ‘'[t]he issues on appeal shall be made up under the direction of the court....”

. Wright briefly contends that the judge should have granted her motion to recuse, but she does not make any legal argument on that point, so that issue is waived. See Walden v. Hutchinson, 987 So.2d 1109, 1120 (Ala.2007), and note 6, supra.

. To the extent that Wright maintains that the trial court could have reviewed her constitutional issues pursuant to Ala.Code 1975, § 41-22-20(k), a part of the Alabama Administrative Procedure Act ("the AAPA”), Ala. Code 1975, § 41-22-1 et seq., we note that the AAPA does not apply to "counties, municipalities, or any agencies of local government.” Ala.Code 1975, § 41-22-3(1). In Ex parte Boyette, 728 So.2d 644 (Ala.1998), our supreme court explained that the AAPA provides broader jurisdiction to grant relief than is usually available in administrative appeals and that the holding in Caffee, supra, as well as similar cases, continues to apply to administrative appeals outside the scope of the AAPA.

. As explained earlier, the issue whether Rule 14.3(a) complies with due-process guaranties is not before this court. Hence, we do not consider whether Rule 14.3(a) violates due-process guaranties by allowing an official to decide the discipline for an employee without having attended the employee’s pre-disci-plinary hearing.

. Because the City of Mobile did not file , a cross-appeal, we do not consider the propriety of the trial court’s decision to overturn the dismissal and to reinstate Wright to her employment.