THOMPSON, Presiding Judge.
The City of Mobile ("the city") appeals from a judgment of the Mobile Circuit Court ("the circuit court") affirming an order of the Mobile County Personnel Board ("the board"). The board's order reversed a decision by the city terminating the employment of Fred Wayne Lawley, Jr., a Mobile police officer. Lawley's employment was terminated in February 2015, after he was charged with stealing $2,050 worth of property while responding to a reported burglary.
The record indicates the following. At a hearing before the board on March 15, 2016, the attorney for Lawley moved to dismiss the matter on the ground that, at the predisciplinary hearing held before a *148 disciplinary trial board ("the trial board") of the Mobile Police Department on February 18, 2015, Lawley "was not permitted to sit in on the predisciplinary hearing other than when his testimony was given." Lawley argued to the board that the trial board's refusal to allow him to be present for the questioning of other witnesses deprived him of due process and violated the board's procedural rules that, he said, required that an employee be given the opportunity to observe all witnesses called to testify in a predisciplinary hearing such as that held by the trial board. In presenting his argument to the board, Lawley relied at least in part on a July 2015 order of the board in which the board concluded that a Mobile public-works employee had been denied his due-process rights by the Public Works Department because, the board said, the predisciplinary hearing was held without allowing the employee to be present in the hearing room during the testimony of other witnesses. The city argued that the law is well settled that the board could not dismiss the matter on due-process grounds because, it said, constitutional questions are beyond the scope of the board's authority or jurisdiction to decide. After hearing the arguments of the parties, but without taking any testimony, the board dismissed the matter in an order dated March 29, 2016.[1]
The city filed a timely appeal to the circuit court. Upon consideration of the parties' briefs, the circuit court recognized that the board and, on appeal, the circuit court, did not have the authority to decide constitutional questions because such decisions are beyond the board's administrative capacity. See Wright v. City of Mobile, 170 So.3d 656 (Ala. Civ. App. 2014). Nonetheless, the circuit court stated, the board had the right to interpret its own rules and regulations. The board interpreted Personnel Board Rule 14.3(a) regarding the dismissal, suspension, or demotion of city employees to require that an employee must be given the opportunity to observe all witnesses called to testify in a predisciplinary hearing. The circuit court concluded that, in giving deference to the board's interpretation of Rule 14.3, it found that the interpretation was not unlawful or unreasonable, and it therefore dismissed the city's appeal to that court. The city filed a timely appeal to this court.
The city first contends that the board did not have jurisdiction to consider a question of constitutional law, that is, whether Lawley's right to due process was violated. See Wright v. City of Mobile, 170 So.3d at 661 (holding that the board's authorizing statute did "not authorize the [b]oard to decide questions of constitutional law, which is beyond its administrative capacity").
In his appellate brief, Lawley concedes that the city's argument is legally correct. However, he contends that the reason the board dismissed his appeal was not based on a constitutional violation; instead, he says, the board's decision to dismiss the appeal was based on its interpretation of its own rules. In its judgment affirming the dismissal, the circuit court also agreed that the board did not have jurisdiction to address questions of constitutional law. However, it said, "the issue before this court is whether [the board] has the right to interpret its own rules."
The board's order does not expressly state a reason for its decision. The board made no factual findings. Without stating a reason, the board determined "that the *149 termination is void and of no force and affect," and it ordered that Lawley be reinstated with back pay. Because the parties-and the circuit court-agree that the board did not have jurisdiction to consider constitutional issues, including whether the trial board violated Lawley's right to due process, and because the basis for the board's decision is not clear, we turn to the city's second issue, i.e., whether the board correctly determined that the appeal was void based on its own rules.
"The standard of appellate review to be applied by the circuit courts and by this court in reviewing the decisions of administrative agencies is the same. See Alabama Dep't of Youth Servs. v. State Pers. Bd., 7 So.3d 380, 384 (Ala. Civ. App. 2008). That prevailing standard is deferential toward the decision of the agency:
" 'Judicial review of an agency's administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency's actions were reasonable, and whether its actions were within its statutory and constitutional powers.... Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency.'
" Alabama Medicaid Agency v. Peoples, 549 So.2d 504, 506 (Ala. Civ. App. 1989)."
Alabama State Pers. Bd. v. Dueitt, 50 So.3d 480, 482 (Ala. Civ. App. 2010).
At issue is Mobile County Personnel Board Rule 14.3(a), a copy of which is included in the record. Rule 14.3 sets forth the procedure to be followed before a permanent employee can be dismissed, suspended, or demoted. The rule provides:
"Before any permanent employee is dismissed, suspended or demoted for cause, the Appointing Authority or his designated representative shall afford the employee due process in the form of a pre-disciplinary hearing. Written notice of the reasons for termination, suspension or demotion must be given the employee at least twenty-four (24) hours prior to the pre-disciplinary hearing, at which time the employee must be given the opportunity to respond orally and/or in writing to the charges made before the official, or the designated representative of the official, charged with the responsibility of making the disciplinary decision. The pre-disciplinary hearing must be held within seven (7) days after written notice to the employee. The determination as a result of the pre-disciplinary hearing must be communicated to the employee in writing within fourteen (14) days of the hearing. Circumstances that prevent adherence to these timeframes must have approval of the Director. The dismissal, suspension, or demotion of an employee by an Appointing Authority without having first accorded the employee a pre-disciplinary hearing in accordance with this Rule shall be void and of no force and effect, and shall not be recognized by the Board, except in extraordinary situations as hereinafter specified."
In affirming the board's decision to dismiss Lawley's appeal, the circuit court stated that it must give deference to an agency's interpretation of its own rules.
"Although a court should give deference to an agency's interpretation of an agency rule or a statute implemented by the agency, that deference has limits. When it appears that the agency's interpretation is unreasonable or unsupported by the law, deference is no longer due. Ex parte State Dep't of Revenue, 683 So.2d 980, 983 (Ala. 1996) ('[A] court accepts an administrative interpretation of the statute by the agency charged with its *150 administration, if the interpretation is reasonable.' (emphasis added)). As our supreme court has explained:
" 'The correct rule is that an administrative interpretation of the governmental department for a number of years is entitled to favorable consideration by the courts; but this rule of construction is to be laid aside where it seems reasonably certain that the administrator's interpretation has been erroneous and that a different construction is required by the language of the statute.'
" Boswell v. Abex Corp., 294 Ala. 334, 336, 317 So.2d 317, 318 (1975)."
Alabama Dep't of Revenue v. American Equity Inv. Life Ins. Co., 169 So.3d 1069, 1074 (Ala. Civ. App. 2015).
"[T]he construction of administrative rules is governed by the same basic rules as those applicable to the construction of statutes; that is, we are bound to look to the plain meaning of the language used in the rule when construing it. See Alabama Medicaid Agency v. Beverly Enters., 521 So.2d 1329, 1332 (Ala. Civ. App. 1987) ('The language used in an administrative regulation should be given its natural, plain, ordinary, and commonly understood meaning, just as language in a statute.')."
Brookwood Health Servs., Inc. v. State Health Planning & Dev. Agency, 202 So.3d 345, 351 (Ala. Civ. App. 2016).
Furthermore, in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the United States Supreme Court recognized a difference in the procedural safeguards required at a "pretermination" hearing as opposed to a "posttermination" hearing. In that case,
"[t]he Supreme Court held that tenured government employees almost always must be afforded at least a limited pretermination hearing before they can be constitutionally terminated. 470 U.S. at 542-43, 105 S.Ct. 1487.... The Supreme Court, however, held that the pretermination hearing need not be elaborate and need not be a full evidentiary hearing. Id. at 545, 105 S.Ct. 1487.... The Supreme Court reasoned that the purpose of a pretermination hearing is not to 'definitively resolve the propriety of the discharge,' but, rather, to 'be an initial check against mistaken decisions-essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.' Id. at 545-46, 105 S.Ct. 1487.... The Supreme Court also noted that under state law the terminated government employee was later entitled to a full and adequate administrative posttermination hearing and judicial review. Id. at 545, 105 S.Ct. 1487.... Therefore, the Supreme Court concluded that under federal procedural-due-process law all that is required in a pretermination hearing is 'oral or written notice of the charges against [the employee], an explanation of the employer's evidence, and an opportunity [for the employee] to present his side of the story.' Id. at 546, 105 S.Ct. 1487.... The Supreme Court then stated that '[t]o require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.' Id."
City of Orange Beach v. Duggan, 788 So.2d 146, 152 (Ala. 2000).
In City of Orange Beach, our supreme court relied on Loudermill to hold that a "pretermination hearing functions merely as an 'initial check against mistaken decisions' and a posttermination hearing provides an extensive adjudicatory *151 hearing adequately addressing all of the employee's concerns, [therefore] having a pretermination hearing officer who is familiar with the case and who was involved in the investigation" does not deny the employee his or her procedural due-process rights. Id. at 153. The same rationale holds true in this case. Because Lawley is entitled to a de novo hearing before the board to review the trial board's decision to terminate his employment, Lawley's procedural due-process concerns would be adequately addressed by a hearing before the board. The trial board's proceeding, however, functioned "merely as an 'initial check against mistaken decisions.' " Id.
After carefully reviewing the rule at issue in this case, we conclude that there is no language in Rule 14.3 requiring the "Appointing Authority," in this case the Mobile Police Department, to allow the employee to be present at a predisciplinary hearing while other witnesses are being questioned. The board goes beyond merely interpreting the rule and, instead, adds a requirement to the rule that is not suggested in the existing language of the rule. To the extent Lawley asserts that the use of the phrase "due process" in the rule entitled him to be present during the testimony of other witnesses at the predisciplinary hearing, for the reasons set forth in Loudermill and City of Orange Beach, supra, we again disagree. The "due process" to which Lawley or any employee is entitled is set forth in Rule 14.3. Specifically, the rule provides that Lawley was entitled to notice of the reasons for possible action against him at least 24 hours before the predisciplinary hearing, and he was entitled to present a written or oral response to those reasons. The rule does not provide that Lawley was entitled to be present during the questioning of witnesses at the predisciplinary hearing.
For the reasons set forth above, we hold that the circuit court erred in affirming the board's order dismissing Lawley's appeal. Accordingly, the judgment is reversed and the cause is remanded to the circuit court for it to enter an order reversing the board's order and reinstating Lawley's appeal.
REVERSED AND REMANDED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

The board delayed hearing Lawley's appeal until after the resolution of the criminal charges against Lawley. The record does not indicate what resolution was reached in the criminal matter.