This civil action is based upon Alabama's parental liability act, § 6-5-380, Code of Alabama (1975).
Mrs. Roth filed her complaint against the appellants (the Sutherlands and the Buchanans) for damages occasioned to her automobile by their minor children. The Sutherlands are the parents of Allison and Paul and the Buchanans are the parents of Margaret. On January 19, 1980, Allison was five years of age, Paul was seven and Margaret was six.
Mrs. Sutherland and Mrs. Buchanan attended a baby shower at Mrs. Roth's residence on January 19, 1980, with Mrs. Sutherland being a co-hostess. Mrs. Sutherland *Page 140 
brought Paul and Allison with her to the shower, and Mrs. Buchanan brought Margaret, their presence being agreeable with Mrs. Roth.
The Sutherland children were very close friends of Mrs. Roth, and spent the night at her home several times. They had an excellent relationship with her. They adored her. Margaret also got along well with Mrs. Roth and was a student in her kindergarten class. Mrs. Roth testified that there was no reason for the children to dislike her.
After other shower guests arrived, the three children were sent outside to play and were unattended for periods of time. The three children were observed standing and walking on the top of Mrs. Roth's 1975 Corvette Stingray automobile. They would go to the top of the car and slide down its windshield. They were laughing, playing, and having a good time.
Subsequently, Mrs. Roth discovered scratches upon her car, and she incurred $188 in expenses in painting the vehicle, hence this litigation.
After an ore tenus trial before the trial court, a judgment was rendered for Mrs. Roth for $188, and the Sutherlands and Buchanans duly appealed. We are indebted to counsel for both sides for exceptional briefs.
Under the common law, the mere fact of parenthood does not render parents responsible for their child's torts. Winfrey v.Austin, 260 Ala. 439, 71 So.2d 15 (1954). In this case, the liability, if any, of the parents to Mrs. Roth must rest upon §6-5-380 (a) Code (1975), which provides:
 The parent or parents of any minor under the age of 18 years with whom such minor is living and who have custody of such minor shall be liable for the actual damages sustained, but not exceeding the sum of $500.00, plus the court costs of the action, to any person, firm, association, corporation and the State of Alabama and its political subdivision for all damages proximately caused by the injury to, or destruction of, any property, real, personal or mixed, by the intentional, willful, or malicious act or acts of such minor.
This is a case of first impression in the appellate courts of this jurisdiction.
The statute in question was probably enacted as a consequence of dissatisfaction with the common law rule of liability, and in an effort to assist in curbing juvenile delinquency, vandalism and malicious mischief. Annot., 8 A.L.R.3d 612, 615, § 1 (1966). In addition to the intent of the legislature certain pertinent rules of construction govern our review of this legislation. Statutes in derogation of the common law are strictly construed and are presumed not to alter the common law in any manner not expressly declared. Arnold v. State,353 So.2d 524 (Ala. 1977); 67A C.J.S., Parent Child § 123 at 496. When a word has a judicially settled meaning, it is presumed that the legislature, by using that word in a statute, utilized it in that accepted sense, for language is to be given its plain meaning as accepted by usage. 18 Ala. Digest, Statutes, Key no. 188.
"Intentional," "willful," and "malicious," are terms of general and widespread legal usage and have accepted meanings.
In Continental Casualty Co. v. Cunningham, 188 Ala. 159,66 So. 41 (1914), an "intentional act" was defined as follows:
 If the actor has intelligence enough to understand the physical nature and consequences of his act, and . . . consciously directs his action so that the injury of the insured is the natural or probable consequence thereof, then that injury is the result of an intentional act. Of course, the injury of the person must be intended, as well as the act which causes such injury." (Citation omitted.)
There must be a knowledge of the danger together with a design or purpose to inflict injury in order to constitute a willful or intentional injury; it must be shown that it was intentionally and designedly done. Porterfield v. Life Casualty Co. of Tennessee, 242 Ala. 102, 5 So.2d 71 (1941);Feore v. Trammel, 212 Ala. 325, 102 So. 529, 533 (1924). *Page 141 
"Malice implies the intentional doing of an unlawful act to the injury of another." United States Fidelity Guaranty Co.v. Miller, 235 Ala. 340, 179 So. 239 (1938). When a person, without just cause or excuse, intentionally does a wrongful act, it constitutes malice. Parker v. Sutton, 47 Ala. App. 352,254 So.2d 425 (1971).
 The connotation of the word "willful" as we used it and as it appears almost invariably in legal phraseology is one of premeditated wrong, an act done with evil intent or bad motive or purpose, unlawful, and without legal justification. It implies not only the voluntary and intentional doing of an act, but also the intending of the result which follows from the doing of the act. Such is the meaning of the word as it is found in our penal statutes and as it is used in describing a tortious act or injury. (Citations omitted.)
Parker v. Sutton, 47 Ala. App. at 359, 254 So.2d at 431. See,also, A.P.J.I., Civil, Charge 29.03 at 478 (1974).
Here, the evidence failed to prove that any of the minors committed any intentional, willful or malicious act, as those terms are defined by law.
The learned trial court erred in the foregoing respects in rendering its final judgment, and this case is reversed and remanded.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code (1975), and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.