INGRAM, Judge.
This case comes on appeal from the circuit court’s denial of the teacher’s petition for a writ of mandamus. The petition sought to compel the reversal of an order by the Alabama State Tenure Commission affirming the Birmingham Board of Education’s cancellation of the teacher’s contract. The teacher appeals.
The teacher had tenured status and was employed as an instructor at an elementary school. She had been employed by the Board for sixteen years. On February 18, 1985, the teacher struck one of her students at least two times on the arm with a yardstick. The teacher was not designated to administer corporal punishment, and there was no other adult present when she did, such conditions being required by Board rules for authorized corporal punishment of students. The incident was reported to the school’s principal, who in turn informed the superintendent of the Birmingham Board of Education of the matter.
In a letter dated March 18, 1985, the teacher was notified that the Board voted in an official meeting to schedule a hearing to consider cancellation of her teaching contract. The hearing was scheduled for April 9, 1985. The letter gave as the reason for the proposed cancellation the alleged infliction of corporal punishment on a student in violation of Board procedures and policies. The letter informed the teacher that if she wished to contest the Board’s proposed action she must file notice of her intent to contest with the Board at least five days prior to the scheduled date of the hearing.
The teacher contends that in a meeting when the superintendent apparently gave her the letter described above, she informed him of her intention to contest the proposed action by the Board. Nevertheless, no written notice of her intention to contest was received by the Board within the time specified. The teacher blamed this failure to notify the Board in writing on inadvertence and mistake caused by her reliance on the teachers’ union that was representing her. She contends that mis-communications between the union and its lawyers resulted in the failure to file the written notice. On the day of the hearing, the teacher’s attorney attempted to file a tardy request for a hearing. This request was denied, and the teacher’s contract was cancelled pursuant to § 16-24-9, Code 1975. The teacher appealed to the Tenure Commission, which affirmed the Board’s action. Her subsequent petition for a writ of mandamus was denied by the circuit court, and this appeal followed.
The teacher raises several issues, mainly contending that the refusal to grant her a hearing and the decision to cancel her contract were arbitrarily unjust. She contends that the Board’s actions were taken because of her representation by the American Federation of Teachers, an organization, she says, the Board disapproves of. She argues that the Board’s action represents an abuse of discretion and is due to be overturned.
We see the issue, however, to be a simple, if harsh, one of whether the teacher complied with those statutory procedures designed to afford due process to teachers charged with insubordination or other wrongdoing.
The pertinent part of the statute in question reads as follows:
“The employing board of education shall give notice in writing to the teacher stating in detail the reasons for the proposed cancellation and naming the exact time and place at which the teacher may appear before the board to answer said notice.... Such notice shall also inform the teacher that in order to contest said cancellation the teacher must file with the board, at least five days prior to the date the matter is set for *403 hearing, notice of an intention to contest. ... If the teacher does not file an intention to contest with the board at least five days prior to the date the matter is set for hearing, then the employing board may dismiss the teacher by a majority vote and such dismissal shall be final.” (Emphasis ours.)
§ 16-24-9, Code 1975.
The teacher contends that the statute does not expressly provide that the notice to contest must be in writing. She points to the language that the Board’s notice be “in writing,” whereas the teacher’s notice must only be “filed,” as support for her contention that the statute does not require a written notice to contest. Since she orally informed the superintendent of her intention to contest, she argues, she has complied with the statute and should have had an opportunity to present her side of the case before the Board.
In denying the teacher’s petition for a writ of mandamus, the circuit court held that “[t]he statute necessarily contemplates a written notice which can be filed with the Board” and cited Primm v. Alabama State Tenure Commission, 365 So.2d 73 (Ala.Civ.App.1978). Although that case does not speak to whether the notice must be in writing, it does hold that the failure to file a notice within the time specified in the statute can be fatal to a teacher’s right to be heard before the Board or to appeal its cancellation of an employment contract.
The dispositive question of this case becomes whether § 16-24-9 requires that a teacher file a written notice of her intention to contest the Board’s proposed cancellation of her contract if she wants to be heard on the matter.
Although there is some merit in the teacher’s assertion that to specify “in writing” at one place in a statute and only “must file” at another part in the statute suggests that the latter need not be in writing, we nevertheless must conclude that the statute contemplates a written filing.
When a word has a judicially settled meaning, it is presumed that the legislature, by using that word in a statute, utilized it in that accepted sense, for language is to be given its plain meaning as accepted by usage. Sutherland v. Roth, 407 So.2d 139 (Ala.Civ.App.1981). An accepted judicial definition of “filing” is the delivery of a document to a specified officer for permanent keeping as a notice or record in the place where his official records and papers are kept. See 16A Words and Phrases, “Filing,” at 149 (1959). An oral complaint has been held not to constitute the “filing” of a notice of intent to bring a civil action. Hays v. Republic Steel Corporation, 531 F.2d 1307 (5th Cir.1976). In short, the plain meaning of “file” in § 16-24-9 contemplates a writing that can be filed.
Alabama statutes provide a constitutional procedure to ensure due process to tenured teachers facing possible cancellation of their employment contracts. The teacher in this case, for whatever reason, did not comply with that procedure. She cannot now complain of arbitrary action on the part of the Board for strictly interpreting an express statutory provision. We are satisfied that the statutory procedures of due process have been followed in this case, and the court’s denial of the teacher’s petition for a writ of mandamus is hereby affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.