This is a consolidated appeal of three child dependency and custody cases.
Following ore tenus proceedings, the juvenile court determined that the three children, Robin Jean Hopkins, born April 1985, Tracy Ann Grant, born February 1982, and April Dawn Grant, born December 1979, were dependent. DHR was awarded legal custody of all three children; Tracy and April were placed together in the home of relatives; Robin was placed in the home of Stephen and Ruthie Crump.
These cases were initiated when dependency petitions or complaints were filed by Ruthie Crump, on Robin's behalf, and by Carla Jackson, on behalf of Tracy and April. The dependency petition concerning Robin alleged that she had been sexually abused by her father, Robert Grant. The dependency petition concerning Tracy and April asserted that they had been neglected and maltreated by their father.
The father has appealed and asserts three issues for our consideration: The first two issues raised concern only those proceedings and orders respecting Robin. The third issue raised is addressed to the orders of the trial court respecting all three children, Robin, Tracy, and April.
The first issue is whether the trial court committed reversible error by permitting a child psychologist to testify about certain statements, made by Robin to the psychologist, during therapy sessions, in violation of the requirements of § 12-15-65(g), Ala. Code 1975.
Section 12-15-65(g) is as follows:
 "(g) A statement made by a child under the age of 12 describing any act of sexual conduct performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in all dependency cases brought by the state of Alabama acting by and through a local department of human resources if:
 "(1) Said statement was made to a social worker, child sex abuse therapist *Page 1052 
or counselor, licensed psychologist, physician or school or kindergarten teacher or instructor; and
 "(2) The court finds that the time, content and circumstances of the statement provide sufficient indicia of reliability. In making its determination the court may consider the physical and mental age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, and any other factor deemed appropriate.
 "A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to rebut the statement. This child hearsay exception applies to all hearings involving dependency including, but not limited to, the 72-hour hearing, the dependency hearing and the disposition hearing."
Generally, hearsay is defined as evidence of an out-of-court statement that is being offered to show the truth of the matter asserted. Lavett v. Lavett, 414 So.2d 907 (Ala. 1982). Since the eighteenth century it has been settled doctrine of the common law that hearsay is inadmissible. See 5 J. Wigmore,Evidence in Trials at Common Law § 1364 (Chadbourn rev. 1974). Since the common law declares hearsay inadmissible, the Code provision set out above, § 12-15-65(g), establishing an exception to the rule against the admissibility of hearsay, is in derogation of the common law.
Statutes that cause a modification or that are in derogation of the common law will be strictly construed and will not be presumed to alter it further than expressly declared.Pappas v. City of Eufaula, 282 Ala. 242, 210 So.2d 802 (1968);Sutherland v. Roth, 407 So.2d 139 (Ala.Civ.App. 1981). In cases of statutory interpretation or construction, the court must ascertain and give effect to the intent of the legislature in enacting the statute. Advertiser Co. v. Hobbie, 474 So.2d 93
(Ala. 1985).
The plain language of § 12-15-65(g), creating an exception to the rule against hearsay, requires, inter alia, that its application be limited to dependency cases which are "brought by the state of Alabama acting by and through a local department of human resources." The provision also requires that, in order to be admissible as a hearsay exception, the proponent of the statement must notify the adverse party of his or her intention to offer the statement and the proponent must notify the adverse party of the particular aspects of the statement. The notice should also be provided "sufficiently in advance of the proceedings."
The record reveals that, as respects this inquiry, the petition on Robin was filed by persons in no way connected with the appropriate department of human resources, i.e. Stephen and Ruthie Crump. At Robin's adjudicatory hearing, counsel for the father strenuously and repeatedly objected to the introduction of the testimony of the child psychologist, citing the failure of the proponent of such to follow the requirements of § 12-15-65(g). The child psychologist, Dr. Vivian Katzenstein, testified, in part, that Robin told of and described acts of sexual misconduct committed by the father upon Robin. This testimony was based upon statements made by Robin to the child psychologist during therapy sessions, and was therefore inadmissible as hearsay.
The record is also devoid of any evidence of notice of the intention to offer the statement or the specific content of such statement. Because the requirements of § 12-15-65(g) are mandatory and were not followed, we find this error to require reversal.
The father's second issue asserts that the trial court erred when it awarded custody of Robin to Stephen and Ruthie Crump after the dispositional hearing. Since we have found the proceedings at the adjudicatory hearing to have been conducted in error, we do not reach this issue. We do note that, had the adjudicatory hearing *Page 1053 
been held without error (and Robin had been found to be "dependent"), then, under § 12-15-71(a)(3)(c), the award of Robin's custody to the Crumps would be free of error if, after study by DHR, the court found the Crumps to be qualified to receive and care for the child. See, e.g., Sanders v. Guthrie,437 So.2d 1313 (Ala.Civ.App. 1983).
The third issue is whether the failure of the trial court to make a specific finding of the truth or falseness of the facts alleged in the three individual petitions was reversible error.
The judgments of the juvenile court were entered upon the case action summary sheet. After listing those persons, and their counsel, that appeared at the hearing, the trial court made, in pertinent part, the following entry: "After hearing evidence in said case and argument of counsel, this court finds that said child . . . is Dependent."
The father asserts that this is insufficient compliance with Rule 25(A), Alabama Rules of Juvenile Procedure.
 "At the close of the hearing the court shall make one of the following findings in a docket entry or written order:
 "(1) That the facts alleged in the petition are true and the child is dependent, in need of supervision, or delinquent and is in need of care or rehabilitation; or
 "(2) That the facts alleged in the petition are not proved or that the child is not in need of care or rehabilitation, in which event the petition shall be dismissed."
We have previously held that "finding the allegations of a petition in a juvenile proceeding to be true, necessarily finds the child to be either 'dependent,' 'delinquent' or 'in need of supervision.' " We now hold that the opposite is likewise true, i.e. the finding by the trial court that a child is "dependent" necessarily is also a finding that the allegations are true.Phillips v. Alabama Dept. of Pensions Sec., 394 So.2d 51,52-53 (Ala.Civ.App. 1981). See esp., Anonymous v. Anonymous,504 So.2d 289 (Ala.Civ.App. 1986).
Finding no error, we affirm as to this issue.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
All the Judges concur.