ROBERTSON, Judge.
This is an appeal from a denial of a request for a declaratory judgment.
Appellant Charles Berryman is a policeman with the City of Muscle Shoals. John Conn, Commissioner of Public Safety of the City of Muscle Shoals, filed a complaint with the Civil Service Board of Muscle Shoals (Board), seeking to have Berryman terminated from his position as policeman.
Berryman was notified of Conn’s complaint by a letter from the Board. The letter stated that Berryman was charged with “illegal gambling activities,” and, further, that the Board found said charge to be soundly based.
Berryman then filed a “motion for more definite statement,” requesting more specificity with regard to the charges. Likewise, he filed interrogatories with the Board to be answered by Conn and noticed Conn’s deposition.
The Board informed Berryman by letter that it would not answer either the motion for more definite statement or the interrogatories, and, further, that Conn would not submit to the taking of his deposition.
Following this action by the Board, Ber-ryman filed a complaint in the circuit court requesting, among other things, that the Alabama Rules of Civil Procedure be de- *1124 dared applicable to the Board’s proceedings and that the Board be required to comply with Berryman’s discovery requests.
In response, the circuit court entered an order finding:
“[NJeither the Alabama Rules of Civil Procedure nor the Civil Service Act of the City of Muscle Shoals, Alabama, entitles the plaintiff to any of the relief requested in his petition and his various motions for discovery and for an order from this court compelling discovery are hereby denied.”
It is from this order that Berryman appeals, alleging that the disallowance of his requests for pretrial discovery in a civil service board action is a denial of both his due process and his equal protection rights.
First, we note this provision in Rule 81, A.R. Civ. P.:
“(b) Applicability to tribunals other than courts. These rules are not applicable to any proceeding in which the adjudication of the controversy is by any selected individual or individuals, by any official or officials, or by an administrative agency or official body of any kind, other than the courts enumerated in Rule 1.”
In short, the rules specifically provide that they are not applicable to the Board’s proceedings, as its proceedings are conducted by an official body made up of individuals appointed under the Act. In other words, the Board is not a “Rule 1 court” as required by A.R. Civ. P. 81(b), and the rules do not apply at the Board level. But cf. Peseau v. Civil Service Board, 401 So.2d 79 (Ala.Civ.App.1981), cert. denied, 401 So.2d 82 (Ala.1981) (stating that “the rules govern procedure in the circuit courts on appeal to such courts from administrative agencies”). (Emphasis added.)
However, Berryman is employed as a policeman with the City of Muscle Shoals, and his right to employment is governed by Act No. 494, 1978 Ala. Acts. That Act creates a civil service system for the City of Muscle Shoals and establishes, among other things, the procedure for the appointment and termination of Muscle Shoals policemen.
The law is clear that “an employee who has established the right to permanent employment pursuant to a civil service statute ... has a ‘property right’ in his job which may not be taken away or altered without due process of law.” Peseau v. Civil Service Board, 385 So.2d 1310 (Ala.Civ.App.1980), cert. denied, 385 So.2d 1316 (Ala.1980) (citations omitted). Consequently, Berryman has a “property right” in his job, and that right may not be taken from him absent due process.
We now consider whether the Act provides Berryman that due process. In reviewing the Act, we recognize two well-established principles:
“(1) It is the duty of courts to sustain the constitutionality of a legislative act unless it is clear beyond a reasonable doubt that it is in violation of the fundamental law.” Crosslin v. City of Muscle Shoals, 436 So.2d 862 (Ala.1983) (citations omitted).
(2) “[LJaws are presumed to be constitutional.” Viking v. Board of Dental Examiners, 492 So.2d 607 (Ala.Civ.App.1985) (citation omitted).
For us to conclude that the statute affords Berryman at least minimal due process, we must conclude that the Act provides a procedure by which Berryman is given notice of the charges against him, and, further, that it gives him “a meaningful opportunity to present his case to a qualified, impartial decision maker. The judicial model of a full-blown evidentiary hearing is not always required.” Johnson v. Alabama Agricultural & Mechanical University, 481 So.2d 336 (Ala.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).
With regard to the charges brought against Berryman, the Act requires that they “be in writing [and] set forth in plain and direct language the matters and things complained of....” 1978 Ala. Acts, No. 494, § 13.
Although we find that this provision affords the requisite procedure concerning *1125 notice of charges, we find that the Board failed or refused to sufficiently comply with the Act by setting forth “the matters and things complained of.” Berryman was informed only that he was charged with “illegal gambling activity.” Thus, although he was not entitled to file an A.R. Civ.P. 12(e) “motion for more definite statement,” Berryman was entitled to demand, pursuant to the Act, that the Board more specifically set forth the charges against him.
Next, we turn to a determination of whether Berryman was entitled to answers to interrogatories and to the deposition of Conn. The Board is given “the power to administer oaths, take depositions, certify official acts, and issue subpoenas to compel the attendance of witnesses and the production of papers and documents necessary as evidence in connection with any hearing, investigation or proceedings within the [purview] of this act.” 1978 Ala. Acts, No. 494, § 13.
In view of this provision, we find that the Act provides the minimal due process necessary in an administrative hearing. However, once again, it appears that the Board in this case has refused to comply with its own procedures. If Berryman is to have the minimal due process afforded him, he must have the ability to request the Board to issue subpoenas or to take depositions when necessary. Otherwise, Berryman would be deprived of his right to a fair and impartial proceeding. Johnson, supra.
The judgment of the trial court is, accordingly, reversed, and the case is remanded with directions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.