THOMPSON, Presiding Judge.
On January 4, 2011, the City of Mobile (“the -City”) notified Cassandra Matthews, one of its employees, of its intent to suspend her without pay and that a predisci-plinary hearing was scheduled for January 12, 2011. Following the hearing, the City, on January 25, 2011, notified Matthews that it would suspend her without pay for a period of 24 hours, effective February 21, 2011. Act No. 470, Local Acts of 1939 (“the Act”), as amended, governs the,civil-service system for Mobile County and the City,[1] The Act has been amended several times, and the most recent amendment pertaining to some of the provisions applicable to this case occurred in Act No. 2004-105, Ala. Acts 2004.
The Act, as amended, provides the method by which a suspended employee may challenge before the Mobile County Personnel Board (hereinafter “the Board”) the City’s decision to suspend him or her. See § XXIII of the Act, as amended by Act No. 2004-105, Ala. Acts 2004, p. 157 (“The suspended employee shall have the right to file an appeal of the suspension for a hearing before the board.”). The Rules and Regulations of the Personnel Board for Mobile County (hereinafter “the Rules and Regulations”), formulated pursuant to the Act, set forth a more specific explanation of an employee’s right to appeal: >
“An employee desiring to appeal from a dismissal,, suspension or demotion shall, within ten days after notice thereof, file with the Director [of the Board] a written answer or' ■ explanation of the charges. Such answer shall contain (1) an admission or denial of guilt and,' (2) reasons why the action should not’ become effective. Upon receipt of the appeal, the Director shall forward a copy thereof to the Appointing Authority concerned. The Director shall prepare and have available simplified forms for use by an employee in perfecting an appeal to the Personnel Board from such disciplinary action as aforesaid. The Personnel Department shall, where necessary, assist the employee to perfect such appeal.”
Rule 14.4, Rules and Regulations.[2]
The record indicates that Matthews was served with notice of the Board’s decision to suspend her for 24 hours without pay on February 15, 2011, and that she timely filed a written form notice of appeal of the City’s suspension decision with the Board’s personnel director on that same date.
While Matthews’s appeal of her 24-hour suspension was pending before the Board, on April 18, 2011, Matthews received a *549 predisciplinary-hearing notice from the City that informed her of the City’s intent to terminate her employment; that notice also specified that a hearing was scheduled • for May 2, 2011. On May 2, 2011, the City terminated Matthews’s. employment, and Matthews received notice- of the termination of her employment on May 9, 2011.
The Act specifies that an employee who has been dismissed from his or her employment “may, within ten days after notice, appeal from the'action of [the City] by filing a written answer to the charges.” § XXII, Act No. 470, Local Acts of 1939 (emphasis added). Again, Rule 14.4 has clarified the Act by requiring that, in order to appeal to the Board from a decision of the City to terminate employment, “[a]n employee desiring to appeal from a dismissal ... shall, within ten days after notice thereof, file with the Director [of the Board] a written answer or explanation of the charges. Such answer shall contain (1) an admission or denial of .guilt and, (2) reasons why. the action should not become effective.” (Emphasis added.)
■ The record on appeal contains a document dated May 13, 2011, that specifies that the document- was delivered “[v]ia email to Elna McDonald for delivery to Donald Dees[, the Board’s personnel director].” , Although the record does not so indicate, “Elna McDonald” presumably is employed-’in the office of the Board’s personnel director. In that May 13, 2011, document, Matthews -stated- that she wanted to appeal. the termination of her employment and set forth several brief statements summarizing the basis for that purported appeal.
Neither party has discussed in their briefs submitted to this court the jurisdictional implications of Matthews’s attempt to appeal the City’s termination decision via an e-mail to the Board. Regardless,'this court must take'notice of jurisdictional issues ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997). It' is clear that Matthews attempted to satisfy, the requirement in § XXII of the Act and Rule 14.4 that-she file a “written answer” by sending the May 13, 2011, e-jnail communication purporting to appeal from the City’s termination fieeision. A “writing” is “[a]ny intentional recording of words,, in .a visual-form, whether in handwriting, printing, typewriting,. ‘ or any other tangible form. i.. ” Black’s Law Dictionary 1846 (10th ed.2014) (emphasis added). The parties have’ made no argument before this court concerning whether an e-mail communication may be considered to be a writing or a “written answer” under the Act and the Rules and Regulations. There: fore, this court does not reach that issue. Even assuming, however, that Matthews’s May 13, 2011, e-mail communication constituted a “written answer” under § XXII of the Act and Rule 14.4, both the Act and Rule 14.4 require that Matthews, as the employee aggrieved by the City’s termination decision, “file” the written' answer or explanation of the charge's with the Board via the Board’s personnel director.
The term “file” is not defined in the Act or the Rules and Regulations.
if‘A fundamental :rule of statutory construction is to ‘ascertain and give effect to the intent of the legislature in enacting the statute.’ IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). Words of a statute are to be given their ‘natural, plain, ordinary, and commonly understood meaning[s].’" Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687, 689 (Ala.1991). If the language-of the statute is clear and unambiguous, the Legislature’s clearly expressed intent must be .given effect. Ex parte Prudential Ins. Co. of Am., 721 So.2d 1135 (Ala.1998).”
*550 Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1065 (Ala.Civ.App.2002).
In this context, the term “file” means “[t]o deliver a legal document to the' court clerk or record custodian for placement into the .official record.” Black’s Law Dictionary 745 (10th ed.2014). Our courts have rejected arguments that an oral notice may be considered a “filing.” In Ingram v. State, 882 So.2d 374, 376-77 (Ala.Crim.App.2003), the Court of Criminal Appeals held that a rule stating that a defendant must “timely file” a notice of his or her intent to withdraw a guilty plea implicitly required that the motion be made in writing; an oral motion was not sufficient to fulfill the requirement of a “filing.” Also, in Turner v. Alabama State Tenure Commission, 523 So.2d 401 (Ala.Civ.App.1987), this court held that a teacher’s oral notice to a board that she desired to appeal the board’s decision to a circuit court did not meet the statutory requirement that the notice of appeal be “filed.” This court explained:
“An accepted judicial definition of ‘filing’ is the delivery of a document to a specified officer for permanent keeping as a notice or record in the place where his official records and papers are kept. See 16A Words and Phrases, ‘Filing,’ at 149 (1959). An oral complaint has been held not to constitute the ‘filing’ of a notice of intent to bring a civil action. Hays v. Republic Steel Corporation, 531 F.2d 1307 (5th Cir.1976). In short, the plain meaning of ‘file’ in § 16-24-9[, Ala. Code 1975,] contemplates a writing that can be filed.”
Turner, 523 So.2d at 403. Sending an e~ mail communication, like making an oral statement, does not constitute the delivery of a legal document to a custodian of records.
The Act contains no provision specifying that the Rules of Civil Procedure govern disputes under the Act, and, therefore, those rules do not apply in this action. Rule 81(b), Ala. R. Civ. P.; Berryman v. Civil Serv. Bd. of Muscle Shoals, 571 So.2d 1122, 1124 (Ala.Civ.App.1990). However, we note, as instructive, that our court system provides a secure method of filing certain pleadings and documents in an electronic-filing system; an electronic transmission into the .secure electronic-filing system is deemed to constitute a filing of a legal document in the court system. See Rule 5(e), Ala. R. Civ. P. (providing, in part, that “[a] pleading, motion, order, or other document filed by electronic means in accordance with an order or rules of the Supreme Court of Alabama constitutes filing with the court for the purpose of applying these rules”); see also Rule 57, Ala. R.App. P. (governing electronic filing), and the Administrative Policies and Procedures for Electronic Filing in the Civil Division of the Alabama Unified Judicial System, effective Sept. 6,2012. However, the rules that govern the courts’ secure electronic-filing system do not allow filing pleadings or documents by e-mail in our courts. See Committee Comments to Amendments to Rule 5, Ala. R. Civ. P., Effective October 24, 2008 (“The additions to Rule 5(b) and Rule 5(e) recognize that electronic filing is now an optional means of filing and service in every county in Alabama. Electronic filing must be accomplished within the electronic-filing system established by order and rules of the Supreme Court of Alabama, not merely e-mail communication.” (emphasis added)). Thus, in Alabama’s court system, certain filings may be accomplished through the secure electronic-filing system, but sending e-mail transmissions does not constitute filing.
Unlike in our court system, there is no mechanism by which a party in a dispute before the Board may make an electronic filing of pleadings or motions. There is also no provision in the Rules and Regulations allowing for e-mail “filings” of plead- *551 togs, motions, or notices of appeal. The Act requires that an aggrieved employee “file” a written answer to the charges as a method of appealing to the Board. We cannot construe an e-mail, particularly one sent to a presumed employee of the Board as opposed to the Board’s personnel director (as is required for a properly filed answer or notice of appeal under the Rules and Regulations), as an effective filing of a notice of appeal to the Board, as is required under the Act. Accordingly, we hold that Matthews’s May 13, 2011, e-mail did not constitute a proper “filing” of a notice of appeal to the Board of the City’s termination decision, as required by the Act or the Rules and Regulations.’
.The Board had jurisdiction to consider Matthews’s appeal of the 24-hour suspension, but, because Matthews failed to properly appeal to the Board from the May 2, 2011, decision terminating her employment, the Board did not have jurisdiction to consider Matthews’s purported appeal of the termination decision. See, e.g., City of Prattville v. S & M Concrete, LLC, 151 So.3d 295, 303 (Ala.Civ.App.2013) (The time for appealing a zoning-board decision is jurisdictional.); and LaGrange Church of the Nazarene, Inc. v. Board of Zoning Adjustment of Muscle Shoals, 473 So.2d 1076, 1078 (Ala.Civ.App.1985) (“The statutory time period within which an appeal must be taken to a zoning board case is jurisdictional to nature.”). Regardless, the Board conducted a healing on July 12, 2011, on both Matthews’s appeal of the 24-hour suspension and on her purported appeal of the City’s termination decision. On July 26, 2011, the Board issued a decision in which it affirmed the February 2011 suspension without pay. In that decision, the Board also purported to reverse, to part, the City’s decision to terminate Matthews’s employment. The Board’s decision stated that the Board “unanimously agreed ... [that Matthews was] guilty of conduct unbecoming an employee to the public service; incompetence or inefficiency; and violation of any lawful or reasonable regulations or order made' and given by a superior.” ■ However, the Board disagreed with the termination decision, and, instead, it determined that the punishment should be modified to a suspension without backpay. As already explained, because Matthews failed to effectively appeal to the Board from the City’s May 2, 2011, decision terminating her .employment, that portion of the Board’s July 26, 2011, decision purporting to address- and modify the City’s decision to terminate Matthews’s employment is void. Alves v. Board of Educ. for Guntersville, 222 So.2d 129, 134 (Ala.Civ.App.2005) (“A judgment [or decision] entered by a tribunal, that lacks subject-matter jurisdiction is void.”).
The Act, as amended, provides that “[a]ny person directly interested, within 14 days; may appeal to the Circuit Court of Mobile County - from any order of the board, by filing notice thereof with the board, whereupon the board shall certify to a transcript of the proceedings before it and file the same in court.” § XXXIV of the Act, as amended by Act. No. 2004-105, Ala. Acts 2004, p. 159 (emphasis added). The City filed a written notice purporting to appeal to the Mobile Circuit Court (“the trial court”) from that part of the Board’s July 26, 2011, decision addressing the City’s decision to terminate Matthews’s employment. However, a void decision or judgment will not support an appeal; therefore, the trial court never obtained subject-matter jurisdiction over any issue pertaining to the termination of Matthews’s employment. Board of Sch. Comm’rs of Mobile Cnty. v. Thomas, 130 So.3d 199, 204 (Ala.Civ.App.2013); Alves v. Board of Educ. for Guntersville, 922 So.2d at 134.
While the City’s ineffective appeal to the trial court was purportedly pending in that *552 court, Matthews moved the trial court to set aside, pursuant to Rule 60(b), Ala. R. Civ. P., the Board’s July 26, 2011, decision. The trial court denied that motion. Both Matthews and the. City then moved for a summary judgment.
■ In February 2014, the trial court asked the parties to brief several issues, one of which was-whether there was any record of Matthews’s having appealed the Board’s July 26, 2011, decision to the trial court. In response to the trial court’s inquiry, Matthews submitted á signed statement'by her former attorney 'stating that he had sent an e-mail “to Mr: Donald Dees” notifying Dees of Matthews’s desire to appeal the Board’s July 26, 2011, decision. Attached to'the signed statement was a copy of a printout of an August 9, 20Í1, e-mail from Matthews’s former attorney, addressed to- Elna McDonald, with the subject line “Cassandra Matthews.” .That email contained a notation that it was “Sent to Elna McDonald for delivery to Donald Dees” and indicated that Matthews wanted to cross-appeal the Board’s decision on the issues of the 24-hour suspension and the termination of her employment. Thus, as she had in her attempt to appeal the City’s termination decision to the Board, Matthews attempted to appeal the Board’s decision on both issues to the trial court by e-mail.
Initially, we note that, regardless of the propriety of an attempt to appeal the Board’s decision to the trial court by email, Matthews, like the City, could not appeal that part of the Board’s decision purporting to address the termination of Matthews’s employment because the Board’s decision with regard to the issue of the termination of Matthews’s employment was void for want of jurisdiction. Accordingly, Matthews’s purported appeal to the trial court pertaining to the. termination. decision was ineffective.
.However, Matthews did properly appeal to the Board from the City’s decision to suspend her for 24 hours without pay in February 2011. Thus, the Board had jurisdiction to enter that part of its July 26, 2011, decision in -which it affirmed the City’s decision to impose that 24-hour suspension, and Matthews could have appealed that portion of the Board’s decision to the trial court. However, Matthews at-ternpted to appeal the Board’s decision pertaining to the 24-hour suspension by email. Section XXXIV of the Act, as amended by Act. No. 2004-105, Ala. Acts 2004, requires that an appeal of a decision of the Board to the trial court be made “by filing notice thereof with the board.” As already stated, the Act does not define the terms “file” or “filing,” and it. does not provide for any method of electronic filing. Under the authority of Ingram v. State, supra, and Turner v, Alabama State Tenure Commission, supra, the requirement that a document or notice of appeal be “filed” with the Board is not satisfied by sending an e-mail communication. .
“It is well settled that an appeal is not a matter of vested right but is by the grace'of statute, and it must be perfected pursuant to the time and manner prescribed in the controlling statute.” Van v. Mobile Cnty. Pers. Bd., 705 So.2d 465, 466 (Ala.Civ.App.1997). We have already, concluded that the trial court did not have subject-matter jurisdiction to consider Matthews’s purported appeal of the Board’s termination decision. In addition, because Matthews’s August 9, 2011, e-mail communication did not constitute a “filing” of a notice of appeal as required by § XXXIV of the Act, as amended, it did not invoke the jurisdiction of the trial court to consider Matthews’s pm-ported appeal of the Board’s July 26, 2011, decision. See, e.g., Ex parte Alabama State Pers. Bd., 90 So.3d 766, 769-70 (Ala.Civ. *553 App.2012) (holding that a circuit court did not obtain jurisdiction over an. appeal from a state-agency decision because the notice of appeal from a board’s decision was not timely filed); and Ex parte Personnel Bd. of Jefferson Cnty., 513 So.2d 1029, 1032 (Ala.Civ.App.1987) (the circuit court never obtained jurisdiction over an untimely appeal from the board’s decision to the circuit court). Therefore, the trial court also never' obtained subject-matter jurisdiction to consider the issue of the 24-hour suspension. *
The trial court entered a judgment on March 12, 2013. However, because the trial court never obtained jurisdiction over the issues presented to it, that judgment is void. Maclin v. Congo, 106 So.3d 405, 408 (Ala.Civ.App.2012). A void judgment will not support an appeal, and, therefore, we dismiss Matthews’s appeal; Id.[3]
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The parties do not dispute the applicability of the Act to this action.

. Although the record contains only some, or a portion of some, of the Rules and Regulation's, this court may táke judicial notice of any-applicable rulés and regulations when a statute referring to and authorizing the creation of those rules or regulations specifies that they shall have the force and effect of law. State v. Friedkin, 244 Ala. 494, 497, 14 So.2d 363, 365 (1943); see also Ex parte Vizzina, 533 So.2d 658, 660 (Ala.1988) (same).

. Matthews has argued before this court that the City’s original termination decision was void. However, because the jurisdiction of the Board and the trial court were never properly invoked with regard to that decision, those bodies, and this court, have no authority to consider that argument.