THOMAS, Judge.
Michael Smith appeals from a judgment of the Mobile Circuit Court (“the trial court”) dismissing his appeal from a decision of the Mobile County Personnel Board (“the Board”).
A detailed recitation of the facts is not necessary. The record indicates that the City of Mobile (“the City”) terminated Smith’s employment as a police officer on or about September 9, 2014. Smith appealed his dismissal to the Board pursuant to Rule 14.4 of the Rules and Regulations *886 promulgated by the Board, which were, in turn, formulated in accordance with Act No. 470, Local Acts of 1939, as amended by Act No. 2004-105, Ala. Acts 2004 (“the local act”). The Board upheld Smith’s dismissal on December 1, 2014. Smith filed a complaint in the trial court on December 15, 2014, purporting to appeal the decision of the Board pursuant to § XXXIV of the local act. Smith also filed with the complaint a “notice copy” to be served upon the Board. According to the certified-mail receipt, which is included in the record on appeal, the Board was served on December 18, 2014. The City responded to the complaint on February 19, 2015.
On March 2, 2015, the Board, which is not a party to the action, filed a motion to dismiss Smith’s complaint, stating that Smith had failed to serve the Board with the notice of appeal within 14 days of the entry of its December 1, 2014, order, in contravention of § XXXIV. The trial court entered an order on May 26, 2015, granting the motion to dismiss. Smith filed a motion to alter, amend, or vacate the order on June 23, 2015, which the trial court denied on July 7, 2015. Smith filed a notice of appeal to this court on July 30, 2015.
In his brief on appeal, Smith argues that the trial court erred by granting the motion of a nonparty and by failing to set aside the Board’s December 1, 2014, order upholding his termination. However, the City argues in its appellate brief that Smith failed to properly perfect his appeal to the trial court; therefore, the City contends, his appeal to this court is due to be dismissed. It is not clear from the record whether the City raised this issue before the trial court; however, subject-matter jurisdiction cannot be waived and may be raised at any time, even for the first time on appeal. See Health Care Auth. for Baptist Health v. Davis, 158 So.3d 397, 402 (Ala.2013). Section XXXIV of the local act states, in pertinent part:
“Any person directly interested, within 14 days, may appeal to the Circuit Court of Mobile County from any order' of the board, by filing notice thereof 'with the hoard, whereupon the board shall certify to a transcript of the proceedings before it and file the same in court.”
(Emphasis added.) As noted above, the Board entered its order on December 1, 2014; therefore, the last day that Smith could have filed a notice of appeal with the Board was December 15, 2014. There is nothing included in the record on appeal indicating that the Board was served before December 18, 2014.
This court has previously stated that ““‘[a]ppeals from agency decisions are purely statutory, and the time constrictions must be satisfied.” ’ ” Ex parte Alabama State Pers. Bd., 86 So.3d 993, 995 (Ala.Civ.App.2011)(quoting Davis v. Alabama Medicaid Agency, 519 So.2d 538, 539 (Ala.Civ.App.1987)). Our supreme court further noted in MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 394 (Ala.2011), regarding a purported appeal from district court to circuit court, that
“ ‘[tjhe failure to file a timely notice of appeal is a jurisdictional defect that prevented the circuit court from acquiring jurisdiction over the appeal. See Kennedy v. Merriman, 963 So.2d 86, 88 (Ala. Civ.App.2007). “A court must dismiss an appeal for lack of jurisdiction if a party does not appeal within the time prescribed by statute.” Flannigan v. Jordan, 871 So.2d 767, 770 (Ala.2003).’ ”
(Quoting Shamburger v. Lambert, 24 So.3d 1139, 1142 (Ala.Civ.App.2009) (emphasis added).) It is clear from the language of § XXXIV that, in order to effectuate an appeal from a decision of the Board, the Board must be served within 14 days of the date on which it rendered its decision. *887 It is also clear from the record before us that, in the present case, the Board -was not served until at least December 18, 2014, more than 14 days after the entry of the Board’s December 1,2014, order.
Smith points out to this court in his appellate brief that the Board is not a party to this action, and, thus, he argues, the trial court erred when it granted the motion to dismiss.[1] However, because Smith failed to comply with the time requirements of § XXXIV, we have determined that the trial court lacked subject-matter jurisdiction over Smith’s appeal of the Board’s order. Therefore, the manner in which the trial ■ court discovered that Smith had not timely served the Board matters not, and we do not address that argument.
It appears that Smith has misunderstood this court’s decision in Matthews v. City of Mobile, 182 So.3d 547, 551 (Ala.Civ.App.2014), as standing for the proposition that § XXXIV does not require an individual to actually serve the Board with a notice of appeal; he specifically cites to this court’s discussion in that case of the purported appeal of a decision of the Board to the trial court. However, the issue of import decided by this court in Matthews was whether an electronic-mail (“e-mail”) communication sufficiently complied with the requirements of Rule 14.4 in order to invoke the jurisdiction of the Board to hear Matthews’s appeal of the City’s termination of her employment. Id. at 549. After determining that an e-mail communication did not meet the requirements of Rule 14.4, this court concluded that, although the Board had rendered a decision reversing Matthews’s termination, the Board had never acquired jurisdiction over Matthews’s appeal. Id. at 549. Thus, this court held, the decision of the Board was void and an appeal from that decision to the trial court was, therefore, merely a purported , attempt to appeal from a void decision. Id. Specifically, this court held: “[A] void decision or judgment will not support an appeal; therefore, the trial court never obtained' subject-matter jurisdiction over any issue pertaining to the termination of Matthews’s employment.” Id. at 551 (citing Board of Sch. Comm’rs of Mobile Cnty. v. Thomas, 130 So.3d 199, 204 (Ala.Civ.App.2013); Alves v. Board of Educ. for Guntersville, 922 So.2d 129, 134 (Ala.Civ.App.2005)). Nowhere in Matthews did this court suggest that individuals appealing from a decision of the Board to the trial court are not subject to the requirements of § XXXIV and the local act.
Because Smith’s failure to serve the Board pursuant to § XXXIV precluded the trial court from acquiring subject-matter jurisdiction over this action, we conclude that the trial court appropriately dismissed Smith’s complaint. Thus, the trial court’s order dismissing this action is affirmed.[2]
AFFIRMED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Smith is correct that in Mobile County Personnel Board v. Mobile Area Water & Sewer Systems, 138 So.3d 1011 (Ala.Civ.App.2013), this court held that the Board did not have standing to participate as a party in an appeal from its own decision terminating a party’s employment.

. To the extent that Smith argues that the trial court erred by stating in its order that *888 the Board's December 1, 2014, order was affirmed, we note that the dismissal of Smith’s appeal to the trial court does, in fact, result in the Board's order remaining effective. Therefore, any language indicating that the trial court affirmed the Board’s order is mere surplusage.