THOMPSON., Presiding Judge.
The City of Mobile (‘‘the City”) and Cassandra Matthews have .been before this court in a previous matter. In Matthews v. City of Mobile, 182 So.3d 547 (Ala.Civ. App.2014), the City notified Matthews of its decision to suspend her without pay for 24 hours. Pursuant to Act No. 470, Local Acts of 1939, as amended (“the Act”), Matthews filed a written notice of her intent to appeal that 24-hour suspension to the Mobile County Personnel Board (“the Board”). While, that appeal was pending, the City notified Matthews that it had terminated her employment based on an incident separate from the incident forming the basis of thé 24-hoúr suspension. 182 So.3d at 549. Matthews then attempted to appeal the termination decision by sending a notice via e-mail to the Board’s personnel director to inform him of her desire to appeal the termination of her employment. On July 26, 2011, the Board purported to reverse Matthews’s termination, and it reinstated Matthews to her employment. 182 So.3d at 551. This court held that Matthews’s attempt to appeal the City’s termination of her employment to the Board via e-mail was ineffective because the e-mail did not constitute a filing, Matthews v. City of Mobile, 182 So.3d at 550-51, Accordingly, we concluded that the order of the Board, as well as the later order entered by the Mobile Circuit Court (“the trial court”) on the City’s appeal of the Board’s decision, were void. Matthews v. City of Mobile, 182 So.3d at 551. In other words, this court held that the Board’s July 26, 2011, decision reversing *1063 the City’s termination of Matthews’s employment was void. Id.[1]
This court’s opinion in Matthews v. City of Mobile, supra, was released on December 5, 2014, and this court denied Matthews’s application for rehearing on February 13, 2015. Matthews filed a petition for a writ of certiorari to our supreme court, and our supreme court denied her petition on April 10,2015.
The current record on appeal indicates that while Matthews v. City of Mobile, supra, was pending in the trial court and in this court, Matthews had been reinstated to her “employment” pursuant to the void July 26, 2011, decision of the Board.[2] The City then notified Matthews of its intent to terminate her “employment” based on an allegation that Matthews had failed to follow rules and procedures in performing her job duties. On January 29, 2013, the City notified Matthews that it had terminated her “employment.” Matthews properly appealed the January 29, 2013, termination decision to the Board, which entered a decision on July 2, 2013, upholding the City’s January 29, 2013, termination decision. Matthews then appealed to the trial court.
The trial court entered a judgment on September 15, 2015, in which it purported to affirm the Board’s July 2, 2013, decision. However, after considering Matthews’s postjudgment motion, the trial court, on December 1, 2015, entered a new judgment in which it purported to reverse the Board’s July 2, 2013, decision and to order that Matthews be reinstated to her employment. The trial court based its December 1, 2015, judgment on its determination that the Board had violated Matthews’s constitutional due-process rights by refusing to allow Matthews to be present at the hearing before the Board. The City timely appealed to this court on December 8, 2015. On appeal, the City argues that the trial court erred in failing to affirm the Board’s decision, and it argues that the trial court erred in basing its ruling on a constitutional issue not properly raised by the parties.
After the City’s appeal was submitted to this court, this court entered an order requesting that the parties submit letter briefs on the issue of whether the decision in Matthews v. City of Mobile, supra (and our supreme court’s denial of the writ of certiorari as to that appeal), rendered moot the issues presently before this court. Both parties submitted letter briefs.
In her letter brief, Matthews argues that this appeal is “controlled and limited” by the current record on appeal. Matthews maintains that because the record on appeal, as designated by the City in filing its notice of appeal, purportedly does not contain information about the litigation in Matthews v. City of Mobile, supra, there is no indication that the City’s current appeal is moot. However, a court may take judicial notice of its own records. See Butler v. Olshan, 280 Ala. 181, 187-88, 191 *1064 So.2d 7, 13 (1966).[3] Moreover, a lack of justiciability is a jurisdictional defect of which a court must take notice, even ex mero motu. Baldwin Cty. v. Bay Minette, 854 So.2d 42, 45 (Ala.2003). Matthews makes no argument that the decision in Matthews v. City of Mobile, supra, does not render the City’s 2013 decision to terminate Matthews’s “employment” moot.
In its letter brief, the City asserts that this court’s holding in Matthews v. City of Mobile, supra, renders issues pertaining to the 2013 termination of Matthews’s employment moot.
“ ‘ “ A moot case or question is a case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, or involve conflicting rights so far as plaintiff is concerned.’” Case v. Alabama State Bar, 939 So.2d 881, 884 (Ala. 2006) (quoting American Fed’n of State, County & Mun. Employees v. Dawkins, 268 Ala. 13, 18, 104 So.2d 827, 830-31 (1958)). “The test for mootness is commonly stated as whether the court’s action on the merits would affect the rights of the parties.” Crawford v. State, 153 S.W.3d 497, 501 (Tex.App. 2004) (citing VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex.1993)). “A case becomes moot if at any stage there ceases to be an actual controversy between the parties.” Id. (emphasis added) (citing National Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex.1999)).’ ”
Underwood v. Alabama State Bd. of Educ., 39 So.3d 120, 127 (Ala.2009) (quoting Chapman v. Gooden, 974 So.2d 972, 983 (Ala.2007)).
In this case, Matthews’s employment was terminated in May 2011, and no valid appeal was taken from that termination decision. Matthews v. City of Mobile, supra. Although the Board purported to enter an order reinstating Matthews on July 26, 2011, that order was void. Id. Accordingly, Matthews was not validly employed by the City at the time the City again attempted to terminate her “employment” in January 2013. This court’s review of the City’s 2013 termination decision, therefore, would be meaningless because this court’s decision in Matthews v, City of Mobile, supra, established that the termination of her employment in May 2011 was effective. Therefore, there is no controversy concerning Matthews’s employment that can be decided by this *1065 court, and the issue is moot. See Florence Surgery Ctr., L.P. v. Eye Surgery Ctr. of Florence, LLC, 121 So.3d 386, 388-89 (Ala. Civ.App.2013) (explaining that the lack of a justiciable controversy renders an appeal moot); Underwood v. Alabama State Bd. of Educ., 39 So.3d at 127-28.
The City argues in its letter brief submitted to this court, however, that this court should consider the merits of the appeal, regardless of the fact that the dispute between the parties-is moot, under an exception to the rule that courts lack jurisdiction to consider moot issues. There are two exceptions to the prohibition against considering a dispute that is moot: “ ‘questions of great public interest and questions that are likely of repetition of the situation.’ ” Underwood v. Alabama State Bd. of Educ., 39 So.3d at 127 (quoting Arrington v. State ex rel. Parsons, 422 So.2d 759, 760 (Ala.1982)). The City argues that this court should consider its appeal under the public-interest exception to the mootness doctrine.
“‘The criteria for applying the public interest exception to the mootness doctrine include the public nature of the question, the desirability of an authoritative determination for the purpose of guiding public officers, and the likelihood that the question will generally recur.’ [1A C.J.S. Actions § 81 (2005) ] (footnote omitted). However, this ‘exception is construed narrowly ... and a clear showing of each criterion is required to bring a case within its terms.’ In re Adoption of Walgreen, 186 Ill.2d 362, 365, 238 Ill.Dec. 124 [125], 710 N.E.2d 1226, 1227 (1999).”
Chapman v. Gooden, 974 So.2d 972, 989 (Ala.2007).
The City argues that the issue it presents has the requisite public nature and that it is likely that the question will recur. See Chapman v. Gooden, 974 So.2d at 989. In this case, the trial court determined that, by being excluded from the hearing before the Board, Matthews’s constitutional rights were violated, and, based on that finding, the trial court reversed -the Board’s decision upholding the termination of Matthews’s “employment.” The City argues that this is- a matter of public concern because of the number .of the City’s employees who might be impacted by the appeal process provided under the Act. The City maintains that issues similar to the one it raises in this appeal are likely to recur if the Board or a trial court addresses constitutional issues in an employee’s administrative appeal under the Act. In .fact, the City cites other cases pending before this court in which, it says, similar issues have been raised. We do not reach a determination as to whether the issue raised by the City in this appeal is of a public" nature and is likely to recur. Even assuming that the issue is of a public nature and is likely to recur, it is clear that the City cannot establish the second criteria for the public-interest exception to the mootness doctrine, i.e., the need for an authoritative decision on the issue.
The City argues in its appeal of the December 1, 2015, judgment, and in its letter brief to this court, that the trial court erred by deciding the purported dispute concerning the 2013 termination of Matthews’s “employment” on a constitutional basis. It contends that the trial court could not properly consider that constitutional issue as a part of Matthews’s administrative appeal from the decision of the Board. The City relies on Wright v. City of Mobile, 170 So.3d 656, 661 (Ala.Civ. App.2014), in support of its argument that this court has decided that constitutional issues that might be raised in administrative proceedings such as those under the Act must be raised in a collateral action. Id. (citing Ex parte Averyt, 487 So.2d 912 (Ala.1986); Turner v. Mobile Cty. Pers. Bd., 689 So.2d 168, 170 (Ala.Civ.App.1997); City of Mobile v. Robertson, 863 So.2d 117, *1066 120 (Ala.Civ.App.2003); and City of Homewood v. Caffee, 400 So.2d 375, 378 (Ala.1981)). The City argues that the trial court’s decision in its December 1, 2015, judgment is “directly contrary to” the decision in Wright v. City of Mobile, supra, and the authority relied upon in that opinion and that this court should issue an “authoritative decision” on the issue. It is clear that the issue identified in this appeal by the City has already been decided by this court; in other words, there already exists an authoritative decision with regard to the issue presented in this appeal by the City. The City, in substance, wants this court to reiterate prior holdings and apply those holdings to this and other cases in which it is a litigant. We reject the City’s argument that this case presents an issue that warrants application of the public-interest exception to the mootness doctrine.
The matter before this court is moot, and the appeal is therefore dismissed. Underwood v. Alabama State Bd. of Educ., 39 So.3d at 132.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ„ concur.

. This court also held that, although the Board had had jurisdiction to consider Matthew’s 24-hour suspension, Matthews had improperly attempted to appeal the Board’s af-firmance of that decision via another e-mail. Therefore, this court held that the trial court never obtained jurisdiction to review the suspension decision. Matthews v. City of Mobile, 182 So.3d at 552.

. The decision in Matthews v, City of Mobile, supra, by determining that the July 26, 2011, decision of the Board was void, necessarily means that the May 2, 2011, termination of Matthews’s employment remained effective by virtue of Matthews’s failure to properly appeal the termination of her employment. Accordingly, Matthews was not properly reinstated to her employment under the void July 26, 2011, decision of the Board.

. Matthews has not argued that this court may not, under the holding of Butler v. 01-shan, take judicial notice of our own record and opinion in Matthews v. City of Mobile, supra. We note that under Butler v. Olshan, supra, an appellate court may take judicial notice of its own record in another case if the following circumstances are met:
"First, the pleading in the instant case must refer to the other proceeding; second, the other proceeding must be of record in the trial court whose decree or judgment is the basis for the instant appeal; and, third, the prior proceeding must be of record in [the appellate court] in another appeal here or be set out in the instant record.”
280 Ala. at 188, 191 So.2d at 14.
In this case, the underlying action in Matthews v. City of Mobile, supra, was decided by the trial court and was of record in this court. Also, in this case, Matthews referred to the 2011 termination decision, and to the then-pending appeal of that decision in the trial court, and she sought to incorporate her arguments asserted in that appeal in her challenge to the January 29, 2013, termination decision. In her brief submitted to this court, Matthews also refers to facts relating to the litigation pertaining to her 2011 termination and to this court’s decision in the appeal pertaining to that termination decision, although she does not specifically cite Matthews v. City of Mobile, supra. Accordingly, this court could, and does, properly take judicial notice of its own record in Matthews v. City of Mobile, supra.